# NO. 12-19-00005-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN WAYNE GOODWIN,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Steven Wayne Goodwin appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams, including any adulterants and dilutants, a second degree felony.[1] Appellant pleaded "guilty." He and his counsel signed an agreed punishment recommendation along with other various documents in connection with his guilty plea, including a stipulation of evidence in which Appellant swore, and judicially confessed, that the facts alleged in the indictment were true and correct, and constituted the evidence in the case. At the sentencing hearing, the State asked for a sentence of eighteen years because Appellant failed to appear at the previous sentencing date and

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2017).

in lieu of filing a third-degree offense of bail jumping. Further, Appellant's criminal history indicates that the State could file a *Brooks* notice enhancing his range of punishment for life, or for any term of not more than ninety-nine years or less than five years. Appellant accepted the increased punishment recommendation.

At the conclusion of the sentencing hearing, the trial court accepted Appellant's guilty plea, found sufficient evidence to substantiate the guilty plea, adjudged Appellant guilty of possession of a controlled substance, and assessed his punishment at eighteen years of imprisonment.[2] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having

---

[2] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.33 (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***.  *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from either the date of this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2(a).  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-19-00005-CR**

**STEVEN WAYNE GOODWIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0974-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*